## ABELL v. GROVE et ux.

### No. 4080.

Court of Civil Appeals of Texas. El Paso.

May 8, 1941.

Rehearing Denied June 12, 1941.

Johnson & Crumpton, of Fort Stockton, for appellant.

Maurice R. Bullock, of Fort Stockton, for appellees.

WALTHALL, Justice.

This is an appeal from the judgment of the District Court of Pecos County. George T. Abell, as plaintiff, sought against defendants, E. E. Grove and his wife, recovery of one-sixth of a royalty interest reserved in an oil and gas lease covering two hundred and forty acres of land in Pecos County. One count of his petition was in trespass to try title; the other sought reformation of a certain royalty deed wherein an interest in the royalty involved was conveyed by defendants to plaintiff. Upon reformation recovery was sought in accordance with the reformed deed.

Defendants pleaded not guilty, general denial, and special pleas of limitation.

The trial was before the court without a jury. Judgment was rendered that plaintiff recover one-sixth of the one-sixteenth royalty interest. The other relief sought by plaintiff was denied. Plaintiff perfected appeal from the judgment.

Incorporated in the judgment are findings of fact and conclusions of law.

All the material evidence was documentary. Plaintiff testified, as did the defendant Grove, but no fact was elicited from either witness which we deem material to the controversy here. Plaintiff Abell did testify that he typed the contract which will be mentioned hereafter.

The question before the trial court is the question here; that is, the legal effect of the documents introduced.

Unless on the face of the documents introduced it appears that a greater interest was conveyed to plaintiff than that awarded to him by the judgment, the judgment of the trial court is correct.

On March 25, 1936, defendants owned the surface estate of the 240 acres involved herein; the mineral interest being vested in the State, the land having been purchased under such a classification. On said date plaintiff drafted a letter addressed to defendant purporting to embody a previous agreement between defendants and the Tex-Mex Petroleum Corporation, his principal, for an oil and gas lease on the property in question. By its terms defendants, individually and as agents for the State, were to execute a five-year oil and gas lease on the 88 Revised Form to Tex-Mex Petroleum Corporation, this lease to be placed in escrow until the plaintiff's prin-

cipal drilled a test well on an adjoining tract. There are several alternate provisions in case a well was not drilled on an adjoining tract, but plaintiff's principal did drill the well, and the lease was delivered. It is not necessary to set forth the substance of the alternate provisions.

There was a further provision in the letter, as follows: "You also, after executing the above lease, agree to sell us 40 acres of royalty, being one-sixth of the minerals, subject to the lease above executed, and nonparticipating in rentals under same, under Lots Nos. 6, 7, 8, 9, 10 and 11, all Sec. 26, Blk. 9, H. & G.N., Pecos County, Texas, for a consideration of $240.00, provided the test is drilled as above stated."

Defendants accepted the proposition by endorsing their acceptance thereon.

On May 12, 1936, defendants, as agents of the State and individually, executed and delivered to plaintiff's principal the oil and gas lease outlined in the letter aforesaid. This oil and gas lease reserved ·to lessors one-eighth royalty interest.

On May 20, 1936, defendants executed and delivered to plaintiff, as agent of the Tex-Mex Petroleum Corporation, a deed purporting to convey to him "an undivided one-sixth of the undivided one-sixteenth oil royalty and gas rental or royalty due and to be paid to grantors under the terms of the hereinbefore described lease, and which under said oil and gas lease may be produced from the following described land situated in Pecos County, Texas:" (Here follows a description of the land.) After the granting clause and description, the following appears: "* * * and it is further understood and agreed that this sale is made subject to the terms of said lease, but covers and includes one-sixth of the one-sixteenth oil royalty and gas rental or royalty due and to be paid to the grantor herein under the terms of said lease insofar as it covers the above described property, and that same is equal to 40 undivided royalty acres in the above described property."

■ Now it is clear that the only interest held by defendants in the reserved royalty was a one-sixteenth accruing to them as agents for the State.

■ The interest contemplated to be conveyed was a fractional portion of this undivided one-sixteenth interest. Under the construction urged by the plaintiff the interest conveyed was one-sixth of one-eighth, amounting to one forty-eighth interest in the entire production. Defendants, on the other hand, insist that it was one-sixth of the one-sixteenth royalty that was contemplated to be conveyed and that was conveyed by the royalty deed.

■ The deed was executed by the defendants in execution of their obligation under the contract, and was accepted by plaintiff as a discharge thereof. There is no evidence of mutual mistake in the execution of the deed. However, we think we may look to the contract in seeking to determine what the deed conveyed.

In explicit language the grantors grant, sell and convey an undivided one-sixth of the undivided one-sixteenth royalty under the terms of the lease. In a subsequent portion of the conveyance intention to convey one-sixth of one-sixteenth is reiterated, but coupled with this statement is the further provision that same is equal to "40 undivided royalty acres in the above described property." Now one-sixth of one-sixteenth is clear, explicit and precise language, incapable of conveying but one meaning. Coupled with this statement, however, is the further provision that one-sixth of one-sixteenth is equal to 40 undivided royalty acres.

The expression used in the contract is, in substance one-sixth of forty undivided royalty acres. In the conveyance an undivided forty-royalty-acre interest is said to be one-sixth of one-sixteenth.

Granted that there was ambiguity or room for construction in the contract, in our opinion the deed makes clear what was meant thereby.

The trial court found that by said mineral deed the defendants conveyed to plaintiff said one-sixth of an undivided one-sixteenth interest in the minerals. In our opinion this is correct, and the intention to so do clearly appears from the documentary evidence.

Plaintiff's contention seems to be that forty royalty acres, as used, means one-sixth of the one-eighth undivided royalty reserved in the lease. This is in the face of the expressed provision in the conveyance that "one-sixth of the one-sixteenth interest is equal to 40 royalty acres." There is an entire absence of any repugnancy in the clauses of the deed. The construction given by the trial court, which we adopt, is not a harmonizing of inconsistent clauses of an instrument, but a

declaration of its clear and unambiguous meaning. Resort to artificial rules of construction was unnecessary.

There is no error in the case.

Affirmed.

SUTTON, J., not sitting.